## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERMETRO INDUSTRIES CORPORATION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **Civ. Action No. 3:13-cv-02854-RDM** **(Hon. Robert D. Mariani)** |
| ENOVATE MEDICAL, LLC, | ) ) | |
| **Defendant.** | ) | |

### DEFENDANT ENOVATE MEDICAL'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Bridget E. Montgomery (PA56105)
Eckert Seamans Cherin & Mellott, LLC
213 Market St., 8th Floor
Harrisburg, PA 17101
Tel: 717-237-6054
Fax: 717-237-6019
Email: bmontgomery@eckertseamans.com

Richard S. Order (CT307774)
Kevin J. McEleney (CT427883)
Adam B. Marks (CT430300)
UPDIKE, KELLY & SPELLACY, P.C.
100 Pearl Street, P.O. Box 231277
Hartford, CT 06123-1277
Tel: 860-548-2600
Fax: 860-548-2680
Email: rorder@uks.com
Email: kmceleney@uks.com
Email: amarks@uks.com

1160025

# **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................1

II.  ARGUMENT...................................................................................2

    A.   InterMetro Has Engaged In Undue Delay For More Than A Year ......4

    B.   InterMetro's Proposed Amended Pleading Is Futile Because
        The Indirect Infringement Allegations Still Fail To State Claims
        Upon Which Relief May Be Granted....................................................7

        1.   Lack of Allegations of Intent to Induce or
            Contribute to Infringement ........................................7

        2.   Lack of Allegations of Knowledge of the
            Later Four Patents-in-Suit.......................................13

    C.   Filing the Second Amended Complaint Would Be Futile
        Because It Violates Fed. R. Civ. P. 8, And It Contains
        Allegations and Exhibits Related to 91 Patent Claims
        That InterMetro, Itself, Has Withdrawn..............................................15

III. CONCLUSION..............................................................................18

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Affinity Labs of Texas, LLC v. Toyota Motor N. Am., No. W:13-CV-365, 2014
WL 2892285 (W.D. Tex. May 12, 2014)............................................................14

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..........4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007).................................................................................................................4

Boundaries Solutions Inc. v. CoreLogic, Inc., No. 5:14-CV-00761-PSG, 2014 WL
4954017 (N.D. Cal. Sept. 29, 2014)....................................................................14

Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) .............3

Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 131 S. Ct. 2060, 179 L.
Ed. 2d 1167 (2011) .............................................................................................8

Hoffman-La Roche Inc. v. Mylan Inc., No. CIV.A. 2:09-0192, 2009 WL 4796736
(D.N.J. Dec. 9, 2009).........................................................................................17

Holst v. Oxman, 290 F. App'x 508 (3d Cir. 2008).....................................................3

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ................3

InterMetro Indus. Corp. v. Enovate Medical, LLC, Omnibus Memorandum
Opinion, No. 13-CV-02854-RDM, Doc. 51 (M.D. Pa. Sept. 30, 2014) ...............4

Radware, Ltd. v. A10 Networks, Inc., No. C-13-02021-RMW, 2013 WL 5373305
(N.D. Cal. Sept. 24, 2013) ..................................................................................14

Streck, Inc. v. Research & Diagnostic Sys., Inc., 665 F.3d 1269 (Fed. Cir. 2012).17

Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp., 224 F. Supp.
2d 657 (S.D.N.Y. 2002).......................................................................................18

**Statutes**

35 U.S.C. § 271(b) ...................................................................................................7

35 U.S.C. § 271(c) ...................................................................................................7

35 U.S.C. § 271(f) ...................................................................................................6

1160025

**Rules**

Fed. R. Civ. P. 12(f) ........................................................................................18

Fed. R. Civ. P. 8(a) .........................................................................................15

Fed. R. Evid. 401 ............................................................................................17

Fed. R. Evid. 402 ............................................................................................17

Fed. R. Evid. 403 ............................................................................................17

**Treatises**

5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Prac. & Proc.
Civ. § 1218 (3d ed. rev. Apr. 2015) ..............................................................15

iii

## I.    __INTRODUCTION__

Defendant Enovate Medical, LLC ("Enovate Medical") respectfully submits this opposition to plaintiff InterMetro Industries Corporation's ("InterMetro") motion for leave to file a Second Amended Complaint filed November 24, 2015 (Doc. 112).

The Court should deny InterMetro's motion to file yet another amended Complaint.  First, InterMetro's attempt to cure the defects noted by the Court when it dismissed InterMetro's original Complaint is more than a year late.  On September 30, 2014, the Court gave InterMetro a deadline of October 14, __2014__, not 2015, to amend its Complaint.  This case is over two years old, and InterMetro has failed to explain why it took so long to conduct discovery and seek further amendment of its Complaint.

Second, it would be futile to permit InterMetro to file the proposed Second Amended Complaint because InterMetro still has not alleged all the elements of indirect infringement, most notably any intent to induce or contribute to infringement.  Furthermore, with respect to the later four patents-in-suit, InterMetro fails even to allege that Enovate Medical or its predecessor had any knowledge of their existence.

Third, InterMetro's proposed Second Amended Complaint not only retains the voluminous, extraneous and irrelevant allegations, claims, and exhibits that

1

Enovate Medical moved to strike from the First Amended Complaint but has exacerbated its prolixity by 33% in adding 107 new paragraphs and 24 pages to the Complaint, itself, and 46 pages to the exhibits. The resulting proposed Second Amended Complaint is now 458 paragraphs comprising 103 pages with nearly 900 pages of exhibits, for a grand combined total of 998 pages. Such length clearly violates the "short and plain statement" requirement of Rule 8(a) of the Federal Rules of Civil Procedure, and Enovate Medical should not be forced to respond to such a voluminous Complaint containing so much impertinent material.

Accordingly, the Court should deny InterMetro's motion for leave to file a Second Amended Complaint and should proceed to dismiss with prejudice the First Amended Complaint filed last year, as it warned InterMetro it would do if InterMetro did not file within 14 days a First Amended Complaint that cured the defects noted in the original Complaint.

## II.    <u>ARGUMENT</u>

Aside from the immaterial allegations and exhibits about patent claims that InterMetro is no longer asserting in this action, Enovate Medical will address only InterMetro's proposed changes that it seeks to make from the First Amended Complaint to the Second Amended Complaint.

Longstanding Supreme Court precedent counsels that district courts may and should deny leave to amend where there is "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. . . . In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted; internal quotation marks omitted). As the Third Circuit has indicated, when a plaintiff moves to amend a claim vulnerable to dismissal under Rule 12(b)(6), the plaintiff must cure the deficiencies in the proposed amended pleading, and the Court may and should deny leave to amend generally if the amendment would not cure the deficiency. Holst v. Oxman, 290 F. App'x 508, 510 (3d Cir. 2008).

Here, all the well-established grounds for denying amendment are present: InterMetro's undue delay, its repeated failure to cure pleading deficiencies in two amendments, the futility of InterMetro's proposed amendment, and prejudice to Enovate Medical. Accordingly, Enovate Medical respectfully requests that the Court deny leave to file the Second Amended Complaint.

## A. **InterMetro Has Engaged In Undue Delay For More Than A Year**

In this Court's Omnibus Memorandum Opinion dated September 30, 2014 ("Omnibus Op.," attached as **Exhibit A**), the Court gave InterMetro clear direction to timely amend its complaint to cure all existing deficiencies.  The Court granted Enovate Medical's motion to dismiss, holding that InterMetro's allegations failed to state claims of direct infringement and failed to state claims of indirect infringement under <u>Twombly</u> and <u>Iqbal</u>.  Omnibus Op. 10–14.

The Court gave InterMetro a fair and reasonable opportunity to amend the Complaint but warned InterMetro that failure to cure the defects, not only with respect to the grounds on which its claims against Enovate Medical were dismissed but also with respect to the grounds on which its claims against defendants Capsa Solutions and Howard Medical were dismissed, may result in dismissal with prejudice.  Omnibus Op. 17–18.  In its accompanying Order, the Court gave InterMetro 14 days from the date of the Order *"to submit an Amended Complaint that cures the defects cited in the Court's Memorandum Opinion."*  Doc. 52 (emphasis added).

On October 14, 2014, InterMetro filed its First Amended Complaint, Doc. 55, but failed to cure the defects noted by the Court in its direct, indirect, or willful infringement claims.  Accordingly, Enovate Medical moved to dismiss the First Amended Complaint again.  Docs. 56, 57, and 62.  Enovate Medical also moved in

the alternative to strike the First Amended Complaint to the extent that it contained allegations and exhibits concerning over 90 patent claims that InterMetro, itself, had withdrawn from the case.  Those motions were fully briefed and are currently pending.

Now, more than a year after the deadline of October 14, 2014 imposed by the Court, InterMetro seeks to amend its Complaint again.  InterMetro offers no explanation for why it failed to include in its First Amended Complaint the allegations and claims that it now has added to its proposed Second Amended Complaint, and InterMetro incorrectly contends this proposed pleading has now cured the defects noted by the Court over a year ago.  Rather, InterMetro simply states that "[t]he proposed amendments are based on evidence first derived from Enovate's discovery documents and depositions of Enovate's current and former employees taken during the Summer and Fall of 2015."  InterMetro Brief (Doc. 113) at 7.  InterMetro does not explain why it took so long for it to conduct such discovery.

In fact, as Enovate Medical pointed out in its motion to dismiss InterMetro's First Amended Complaint a year ago, InterMetro at that point already had enjoyed the benefit of eight months of discovery and the production of over 237,000 pages of documents from Enovate Medical.  Enovate Medical Brief (Doc. 57) at 15.  As

5

of the filing of the First Amended Complaint, InterMetro had not taken a single deposition, even though Enovate Medical had already taken several.

Despite this point that Enovate Medical made in *October 2014,* InterMetro still did not take its first depositions until over seven months later when it deposed Ron Sgro on June 10, 2015 and Fred Calero on June 23, 2015. These are the primary depositions on which InterMetro is relying as providing new evidence to justify its late amendment.

The only other deposition from which InterMetro claims to have derived evidence was the deposition of Pete Daniels on August 6, 2015. InterMetro Brief at 14. In that deposition, Mr. Daniels stated that international sales were a very small portion of Enovate Medical's sales. InterMetro relies on that testimony for its new claims under 35 U.S.C. § 271(f).

This timeline clearly demonstrates that InterMetro engaged in undue delay in conducting discovery in this case and then compounded the delay by waiting over four months after the Sgro and Calero depositions to move to amend its Complaint once again. There is no rational excuse for either delay.

InterMetro's lack of diligence in pursuing discovery and prosecuting this case should not be rewarded. It waited more than a year after its October 14, 2014 deadline and over 20 months of discovery to make the present motion to amend the Complaint. Allowing InterMetro to file the Second Amended Complaint will only

reward a lack of diligence that the Court warned against over a year ago and likely encourage InterMetro to seek to file serial Amended Complaints as discovery continues with no current deadline pending a ruling on claims construction.  See Scheduling Order (Doc. 50).

**B. InterMetro's Proposed Amended Pleading Is Futile Because The Indirect Infringement Allegations Still Fail To State Claims Upon Which Relief May Be Granted**

Despite adding 130 new paragraphs, InterMetro still fails to allege intent to induce or contribute to infringement, which is an essential element of an indirect infringement claim.  Consequently, the motion to amend should be denied on the grounds that it would be futile to permit the filing of an amended Complaint containing claims that will be dismissed for failure to state a claim upon which relief can be granted.

**1. Lack of Allegations of Intent to Induce or Contribute to Infringement**

Induced infringement is proscribed under 35 U.S.C. § 271(b), which provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  Emphasis added.

Contributory infringement is proscribed under 35 U.S.C. § 271(c), which provides that:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in

7

practicing a patented process, constituting a material part of the invention, <u>knowing the same to be especially made or especially adapted for use in an infringement of such patent</u>, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Emphasis added.

InterMetro incorrectly focuses solely on knowledge of the patents and ignores altogether the additional requirement of alleging intent to induce or contribute to infringement under <u>Global-Tech Appliances, Inc. v. SEB S.A.</u>, 563 U.S. 754, 131 S. Ct. 2060, 2065, 179 L. Ed. 2d 1167 (2011): "Although the text of § 271(b) [regarding induced infringement] makes no mention of intent, we infer that at least some intent is required." The Supreme Court further held that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." 131 S. Ct. at 2068.

Thus, knowledge of the existence of the patent is simply one element of induced infringement. The patent holder must also allege that the accused infringer intended to induce infringement and recognized that its acts of inducement constituted patent infringement. The <u>Global-Tech</u> Court held that the test is the same for contributory infringement. <u>Id.</u>

InterMetro, however, has not alleged facts supporting a plausible claim that EnovateIT or Enovate Medical[1] had the requisite knowledge <u>and</u> intent to commit indirect infringement of any of the patents-in-suit.  If InterMetro had been unaware of this requirement at the start of this case, it clearly has no reason to remain unaware of it now.  In Enovate Medical's brief and reply brief in support of its motion to dismiss the First Amended Complaint (Docs. 57 and 62), it warned InterMetro of this pleading defect, specifically citing and discussing <u>Global-Tech</u>, but nowhere in the proposed Second Amended Complaint does InterMetro allege that EnovateIT or Enovate Medical intended to induce others to infringe the patents-in-suit or intended to contribute to the infringement by others of the patents-in-suit.  In fact, nowhere in the proposed Second Amended Complaint does InterMetro allege that EnovateIT or Enovate Medical believed or knew it was infringing any of the patents-in-suit.

---

[1] Stinger Industries began manufacturing mobile computer carts in the mid-1990s before InterMetro's predecessor applied for the first patent-in-suit.  EnovateIT was formed in 2003 and resold or distributed carts manufactured by others until it began selling its own cart in late 2009.  Enovate Medical was created in July 2013 through the acquisition of Stinger Industries in late December 2012 and the acquisition of EnovateIT in July 2013, several months before commencement of this lawsuit.  Because InterMetro dropped its initial claims against Stinger products and has not added any new allegations about Stinger in its proposed Second Amended Complaint, Enovate Medical will not address in this brief the few previous allegations about Stinger's knowledge of the patents-in-suit.

Rather, InterMetro alleges only that EnovateIT knew <u>about the existence of</u> the first two patents, the '220 and '178 patents.[2]  Even those allegations are vague, at best.  Alleging that EnovateIT heard about a few lawsuits brought by InterMetro's predecessor concerning a patent or two is a far cry from alleging that a defendant actually reviewed the patents, determined that it was infringing those patents, and, nevertheless, proceeded to sell products that it knew would induce or contribute to infringement of the patents.

In an attempt to show EnovateIT's knowledge of some of the patents-in-suit, InterMetro attached as Exhibit 32 to the Second Amended Complaint excerpts from EnovateIT co-founder Fred Calero's deposition.  InterMetro, however, excluded the heart of Mr. Calero's testimony, namely his explanation that he thought that EnovateIT's carts were not infringing any of the patents because EnovateIT's carts were "a run-of-the-mill product that everybody had" and that they were "no different than what everybody else is doing."  He furthered testified that "I looked at the landscape of the competitors, and as far as I knew, we were just developing just yet another mousetrap.  We just wanted the mousetrap to be prettier."  F. Calero Depo. at 147–48, attached as **Exhibit B**.  This deposition

---

[2] Contrary to InterMetro's argument that Enovate Medical contended in its motion to dismiss that it lacked pre-suit knowledge of the patents, InterMetro Brief at 3 and 11–12, Enovate Medical's argument was that the First Amended Complaint lacked allegations about Stinger's, EnovateIT's, and Enovate Medical's knowledge.

1160025

testimony negates rather than supports intent to induce or contribute to infringement.

Additionally, through selective inclusion and exclusion of critical statements, InterMetro mischaracterizes Mr. Calero's testimony when it states that he knew about the suit against Rioux Vision and that "Rioux Vision's point-of-care computer cart was not materially different from the EnovateIT point-of-care computer carts."  InterMetro Brief at 11.  To the contrary, in response to InterMetro' counsel's question that aside from software the Rioux Vision cart was essentially the same as EnovateIT's cart, Mr. Calero testified:  "No.  They had a very, very complex med dispensing hardware that coupled with that software.  The other thing is the Rioux/Omnicell cart also had on the base a hot-swappable removable battery.  So their cart, it was pretty advanced.  They had some pretty new technology that was different than anybody else's."  **Exhibit B** at 149.  Again, this completed deposition excerpt negates rather than supports any notion of intent to induce or contribute to infringement.

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████████



12

███████████████████████████████

█████████████

████████████████████████████

████████████████████████████████

██████████████████████████████

██████████████████████████████████

█████████████████████████████████

█████████████████████████████████

██

**2. <u>Lack of Allegations of Knowledge</u>**
   **<u>Of the Later Four Patents-in-Suit</u>**

Nowhere in its proposed Second Amended Complaint does InterMetro allege facts that EnovateIT or Enovate Medical had pre-suit knowledge of the later four patents, the '999, '866, '691, and '176 patents (Counts III, IV, V, and VI), and InterMetro does not address pre-suit knowledge of these patents in the Indirect Infringement section of its brief.  Rather, in the Willful Infringement section of its brief, it simply states that its allegations about EnovateIT's knowledge of the '220 and '178 patents "plausibly support a finding that Enovate had knowledge of all of the patents-in-suit prior to the filing of this case."  InterMetro Brief at 13.

The Court should deny the motion to amend as futile to the extent the Second Amended Complaint contains claims about these later four patents-in-suit

13

because they are prime for dismissal due to lack of factual allegations upon which the Court can plausibly infer pre-suit knowledge of these four patents-in-suit.  See Affinity Labs of Texas, LLC v. Toyota Motor N. Am., No. W:13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (**Ex. F**) (knowledge of certain patents in plaintiff's patent portfolio at issue in other litigation not sufficient to imply knowledge of other patents in portfolio); Boundaries Solutions Inc. v. CoreLogic, Inc., No. 5:14-CV-00761-PSG, 2014 WL 4954017, at *4 (N.D. Cal. Sept. 29, 2014) (**Ex. G**) (knowledge of patent application not sufficient to imply requisite knowledge of later issued patent).  Thus, even if EnovateIT had actual knowledge of the '220 and '178 patents, it had no duty to monitor the Patent Office for the later four patents.

Additionally, allegations about general participation in an industry fall far short of alleging actual knowledge.  See, e.g., Radware, Ltd. v. A10 Networks, Inc., No. C-13-02021-RMW, 2013 WL 5373305, at *3 (N.D. Cal. Sept. 24, 2013) (**Ex. H**) ("the court is not persuaded that direct competition, even in this relatively small field, is enough to allege *actual* knowledge of the patent-in-suit and infringement thereof.") (emphasis original).

14

**C. <u>Filing the Second Amended Complaint Would Be Futile Because It Violates Fed. R. Civ. P. 8, And It Contains Allegations and Exhibits Related to 91 Patent Claims That InterMetro, Itself, Has Withdrawn</u>**

The proposed Second Amended Complaint is now 458 paragraphs comprising 103 pages with nearly 900 pages of exhibits, for a grand combined total of 998 pages. Such length clearly violates the "short and plain statement" requirement of Rule 8(a) of the Federal Rules of Civil Procedure, and Enovate Medical should not be forced to respond to such a voluminous Complaint containing so much material, particularly allegations and exhibits concerning 91 patent claims that InterMetro is no longer asserting in this action.

The attachment of 900 pages of exhibits is improper for a reason beyond its excessive length. InterMetro should not have attached to its proposed Second Amended Complaint the evidence it believes supports its allegations. <u>See</u> 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1218 (3d ed. rev. Apr. 2015) ("[A] pleading containing a great deal of evidentiary material does not qualify as the "short and plain" statement required by Rule 8(a)(2) or comply with the "simple, concise, and direct" mandate in Rule 8(e)(1).").

Additionally, the proposed Second Amended Complaint is irrational on its face because it contains many allegations and exhibits related to patent claims that InterMetro withdrew over a year ago. On October 10, 2014, InterMetro, Enovate

Medical, and the defendants in related cases filed a Joint Motion for Entry of Stipulated Order Amending May 8, 2014 Scheduling Order (Doc. 53) ("Joint Motion").  On October 14, 2014, the Court entered the Stipulated Order Amending May 8, 2014 Scheduling Order (Doc. 54), directing that "1. InterMetro shall reduce the number of asserted claims against . . . Enovate Medical . . . not to exceed 35 claims across all patents-in-suit . . . ."  Id. at 3 (emphasis original).

On October 13, 2014, counsel for InterMetro sent to counsel for Enovate Medical a letter selecting 35 patent claims across the six asserted patents-in-suit to assert against Enovate Medical for the remainder of this action.  See Letter from G. Forbis to R. Order dated Oct. 13, 2014, a copy of which is attached as **Exhibit I**.

Nevertheless, InterMetro inexplicably retained in the proposed Second Amended Complaint numerous allegations and hundreds of pages of exhibits, including infringement contentions, relating to over 90 patent claims that it is no longer asserting in this action, even though Enovate Medical moved to strike those allegations and exhibits last year (Doc. 56).  The proposed Second Amended Complaint still contains allegations that Enovate Medical infringed 126 claims across six patents.  Proposed Second Amended Complaint ¶¶ 112, 172, 231, 291, 350, and 407.  These allegations and exhibits are superfluous, irrelevant, and immaterial prolixity that serve only to unduly prejudice Enovate Medical.

16

InterMetro's reduction of the number of asserted claims from 126 to 35 renders any allegations or exhibits regarding those dropped claims irrelevant. Evidence concerning the 91 dropped claims will not be admissible in this lawsuit under any rule of evidence because such evidence would be irrelevant and prejudicial to the extent it is proffered to support a finding that Enovate Medical infringed any of the 35 claims that InterMetro does assert.  See Fed. R. Evid. 401 ("Evidence is relevant if . . . the fact is of consequence in determining the action."); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury . . . .").

InterMetro's compliance with the Court-ordered reduction of asserted claims removes any issue regarding those claims.  See, e.g., Streck, Inc. v. Research & Diagnostic Sys., Inc., 665 F.3d 1269, 1281–84 (Fed. Cir. 2012) (court does not have declaratory judgment jurisdiction over unasserted claims and evidence regarding unasserted claims is not relevant); Hoffman-La Roche Inc. v. Mylan Inc., No. CIV.A. 2:09-0192, 2009 WL 4796736, at *3–*6 (D.N.J. Dec. 9, 2009) (**Ex. J**) ("The fact that particular patent claims were put in issue in a complaint or in an early stage of a litigation will not, without more, work to preserve the court's jurisdiction over those patent claims at every subsequent stage.").

Accordingly, since the allegations and exhibits about the dropped claims are irrelevant under the Rules of Evidence, they are "immaterial" and "impertinent" within the meaning of Fed. R. Civ. P. 12(f) and should be stricken from the proposed Second Amended Complaint.  See Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp., 224 F. Supp. 2d 657, 676–77 (S.D.N.Y. 2002) ("[A] motion to strike will be granted if the disputed matter is irrelevant under any state of facts which could be proved in support of the claims being advanced.") (internal quotation marks omitted).  Consequently, the Court should deny InterMetro leave to file the proposed Second Amended Complaint to the extent it contains allegations and exhibits concerning the 91 dropped, immaterial patent claims.

## III.    **CONCLUSION**

For the foregoing reasons, the Court should deny InterMetro leave to file the proposed Second Amended Complaint and should proceed to dismiss **with prejudice** the First Amended Complaint in its entirety for failure to state a claim upon which relief can be granted, as requested in Enovate Medical's motion to dismiss last year.

1160025

Dated:  January 4, 2016

                                     DEFENDANT,
                                       ENOVATE MEDICAL, LLC

By:   /s/ *Bridget E. Montgomery*
          Bridget E. Montgomery (PA56105)
          Eckert Seamans Cherin & Mellott, LLC
          213 Market St., 8th Floor
          Harrisburg, PA 17101
          Tel: 717-237-6054
          Fax: 717-237-6019
          Email: bmontgomery@eckertseamans.com

          Richard S. Order (CT307774)
          Kevin J. McEleney (CT427883)
          Adam B. Marks (CT430300)
          UPDIKE, KELLY & SPELLACY, P.C.
          100 Pearl Street, P.O. Box 231277
          Hartford, CT 06123-1277
          Tel: 860-548-2600
          Fax: 860-548-2680
          Email: rorder@uks.com
          Email: kmceleney@uks.com
          Email: amarks@uks.com

1160025

## <u>CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATION</u>

In accordance with Local Rule 7.8(b)(2), I hereby certify that this brief contains 4,223 words, excluding the title page, table of contents, table of authorities and any material following the Conclusion.  The number of words was determined by Microsoft Word's word count feature.

By:  /s/ *Adam B. Marks*
Adam B. Marks (CT430300)
Updike, Kelly & Spellacy, P.C.

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2016, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: __/s/ *Adam B. Marks*_____
      Adam B. Marks (CT430300)
      Updike, Kelly & Spellacy, P.C.

21

1160025