IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERMETRO INDUSTRIES CORP., :
:
Plaintiff, :
v. : 3:13-CV-02854
: (JUDGE MARIANI)
ENOVATE MEDICAL, LLC, :
:
Defendant. :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 166). For the reasons that follow, the Court will grant the Motion.

### II. PROCEDURAL HISTORY

Plaintiff, InterMetro Industries Corporation ("InterMetro"), filed its first Complaint in this action on November 22, 2013, alleging violations of its patent claims in certain mobile medical point-of-care carts. (*See* Doc. 1). On September 30, 2014, this Court granted Motions to Dismiss by Defendant Enovate Medical, LLC ("Enovate") and by other similarly-situated Defendants in related cases. (*See, e.g.*, Doc. 52). Plaintiff responded by filing an Amended Complaint (Doc. 55) which Enovate moved to dismiss on October 31, 2014 (Doc. 56). In late 2015, before the Court had ruled on the second Motion to Dismiss, Plaintiff moved for leave to file a Second Amended Complaint. In February, 2016, the Court granted Plaintiff's Motion subject to certain limitations. (*See* Docs. 140, 141).

Plaintiff's Second Amended Complaint asserted claims against Enovate for infringement of 35 claims within the following six patents: 6,493,220 ("220"); 6,721,178 ("178"); 7,612,999 ("999"); 7,791,866 ("866"); 7,990,691 ("691"); 8,526,176 ("176"). (*See generally*, Doc. 142). Defendant answered Plaintiff's Second Amended Complaint in February, 2016 (Doc. 145) and asserted Counterclaims seeking a declaration of non-infringement of the patents at issue, a declaration of invalidity of the asserted claims by Plaintiff, and a declaration of unenforceability of the asserted patents for failure to disclose co-inventors and failure to disclose information material to patentability (*id.* at 40-59).

On May 11, 2016, an Administrative Patent Judge on the Patent Trial and Appeal Board ("PTAB") issued two decisions following *Inter Partes* Reviews, requested by Enovate, of certain claims contained in Patents 178 and 220. The Judge found that claims 27, 28, 88, 101, and 108 of U.S. Patent No. 6,721,178 B1 were unpatentable, as were claims 1 and 2 of U.S. Patent No. 6,493,220 B1. (*See* Doc. 154; *Enovate Med., LLC v. InterMetro Indus. Corp.*, Case IPR2015-00300 (PTAB May 11, 2016); *Enovate Med., LLC v. InterMetro Indus. Corp.*, Case IPR2015-00301 (PTAB May 11, 2016)). On May 31, 2016, InterMetro filed notices of appeal of both decisions to the Federal Circuit (*see* Doc. 160, Ex. C, D) and the cases have been consolidated for purposes of the appeal.

On July 28, 2016, Plaintiff moved for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d). (Doc. 166). Plaintiff's Third Amended Complaint seeks to add a Count alleging that Enovate "has and is infringing, directly,

indirectly, and willfully" Patent 9,389,643 ("643"). (*Id.* at 2). Patent 643 was issued on July 12, 2016, and is "part of the same family of patents that have been asserted against Enovate in the original Complaint." (*Id.*). A review of Plaintiff's red-lined copy of the Third Amended Complaint (Doc. 167-3) reveals that, with the exception of a typographical error in paragraph 107, the only apparent alteration to the Complaint is the addition of Count VII, alleging infringement of Patent 643. Enovate opposes InterMetro's Motion. (Doc. 220).

### III. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Because it refers to events that occurred after the original pleading was filed, a supplemental pleading differs from an amendment, which covers matters that occurred before the filing of the original pleading but were overlooked at the time." *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185 (3d Cir. 1979). Nonetheless, "the standard applicable to motions to amend under Fed. R. Civ. P. 15(d) is essentially the same standard that applies to Fed. Civ. P. 15(a)." *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 FRD 103, 104 n.3 (D. Del. 2001).

The application of Federal Rule of Civil Procedure 15(a) and (d) is within the "sound" and "broad" discretion of the Court. *Intel Corp. v. Amberwave Sys. Corp.*, 233 FRD 416, 418 (D. Del. 2005); *Medeva Pharma*, 201 FRD at 104. A party may amend its pleading with

3

leave of court. The Court should "freely give" such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has described this rule as follows:

> [Rule 15(a)(2)'s] mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 222 (1962) (internal citations omitted); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."). The Third Circuit has "consistently recognized, however, that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" *Id.* (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). Similarly, "[l]eave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Medeva Pharma*, 201 FRD at 104 (citing *Proctor & Gamble Co. v. McNeil-PPC, Inc.*, 1998 WL 1745118 (D. Del 1998)).

## IV. ANALYSIS

In light of the issuance of Patent 643 in July, 2016, over two and a half years after the filing of the original Complaint, InterMetro's motion is properly brought as one to supplement, as opposed to amend, its Complaint. InterMetro contends that the Court

4

should grant its motion "because doing so will promote judicial efficiency by consolidating into one action its entire dispute with" Enovate. (Doc. 169, at 1). Specifically, InterMetro asserts that the claims relating the 643 Patent "involve the same parties, the same products, and the same technology as its claims against Enovate relating to the other six patents-in-suit." (*Id.* at 2).

Enovate's brief in opposition to InterMetro's motion fails to address in any detail the arguments raised in InterMetro's brief with respect the whether the motion to amend/supplement the Complaint should be granted. Instead, inexplicably, Enovate's brief is simply a continuation of its arguments previously raised in support of staying the case. (*See generally*, Doc. 220). Nonetheless, to the extent that Enovate raised any arguments relevant to the motion currently before this Court, they are addressed below.

With respect to whether InterMetro's proposed supplementation is futile, the Court notes that the only substantive difference between the Second and Third Amended Complaint is the addition of Count VII. The Court has already ruled that Counts I-VI sufficiently state a claim upon which relief can be granted, thereby refusing to deny Plaintiff's prior motion to amend the complaint on the basis of futility. (Doc. 140, at 6-12). With respect to Count VII, Plaintiff contends that its "amendments to assert Enovate's infringement of the '643 Patent generally align with the allegations in [its] Second Amended Complaint with respect to the other six patents". (Doc. 169, at 5). Defendant does not set forth any argument in its brief in opposition to Plaintiff's motion to dispute Plaintiff's

statement or contend that there is, in fact, some legally or factually significant difference which should cause the Court to reach a different conclusion with respect to the futility of Count VII than the Court did in its analysis of Counts I-VI; and a comparison of the Second Amended Complaint and proposed Third Amended Complaint appears to support Plaintiff's assertion.

Rather, with respect to the element of futility, Enovate attempts to establish the similarities between the claims found unpatentable by the PTAB which are now before the Federal Circuit and those claims at issue here in Patent 643. (Doc. 220, at 4-5). Enovate argues that the claims of Patent 643 "are so 'closely related' to the claims of the current patents-in-suit that they are similarly unpatentable [and c]onsequentially, an affirmance by the Federal Circuit . . . will help simplify this case by showing the futility of adding the '643 Patent to a Third Amended Complaint." (*Id.* at 4-5).

As noted by this Court in its Opinion denying Defendant's Motion to Stay, although there is clearly an overlap of certain issues before this Court and the Federal Circuit, the Federal Circuit is only examining six claims within Patents 178 and 220. Allowing Plaintiff to assert an additional Patent, and certain claims therein, merely adds these claims to the four patents, and 29 claims, that are not directly at issue in the Federal Circuit appeal. Given the number of disagreements among the parties with respect to the validity and patentability of the claims already in this case and not at issue in the Circuit case, the Court does not view the addition of Plaintiff's Count VII as futile, as this Court will still be required to analyze the

merits of Plaintiff's claims, regardless of the Federal Circuit's decision. Furthermore, Defendant asserted in its Motion to Stay that it intends on moving for summary judgment and that if the six claims currently before the Federal Circuit are held to be unpatentable, this will be used as *res judicata* to establish that it has met its burden of proof as to obviousness and unpatentability, at least to a preponderance of the evidence and that the Circuit's decision will be relevant pursuant to Fed. R. Evid. 401 and 402 on summary judgment. (Doc. 165, at 9-10). To the extent that Defendant believes that the Circuit's decision with respect to the claims found in Patents 178 and 220 should affect this Court's analysis of the other claims at issue in this case, as well as those claims within Patent 643, such an issue is better left for summary judgment. At the current stage of litigation, Plaintiff has adequately pleaded a cause of action for infringement of Patent 643 and adding Count VII is not futile.[1]

With respect to bad faith and delay, "[w]hen considering a motion for leave to amend, the court should grant leave unless 'the motion is being made in bad faith.'" *Trueposition, Inc. v. Allen Telecon, Inc.*, 2002 WL 1558531, *2 (D. Del. 2002) (quoting *B&R, Inc. v. Donald Lake Const.*, 19 F.Supp.2d 217, 220 (D. Del. 1998)). "The scope of the court's inquiry in therefore limited to whether the motion to amend itself is being made in bad faith,

---

[1] Though the Court of course recognizes that Plaintiff's filing of a Third Amended Complaint carries with it a corresponding right on the part of the Defendant to move once again pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss, the Court, without foreclosing this avenue for Defendant, does not see a substantial basis for what would be a third Motion to Dismiss by Enovate. This is so principally because the first six counts of the Third Amended Complaint are identical to those of the Second Amended Complaint which this Court permitted Plaintiff to file and adds only an additional, seventh count, which is legally indistinguishable from the causes of action set forth in the first six counts.

7

not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith." *Id.*

Here, Plaintiff states that the 643 Patent issued on July 12, 2016. (Doc. 169, at 1, 5). On June 16, 2016, Plaintiff informed the Court and Enovate during a conference call that it had obtained a new patent and intended to file a motion to amend the complaint in the following weeks. InterMetro asserts that it also provided Enovate with pre-suit notice "as to Enovate's post-issuance infringement of the '643 Patent" the following day "when [InterMetro] served on Enovate claims charts directed to the '643 Patent." (*Id.* at 5 n.3). On July 28, 2016, approximately 6 weeks after providing pre-suit notice to Enovate and 16 days after the issuance of Patent 643, InterMetro filed the motion to amend in order to add Count VII. In light of the timing of these events, there is no indication of undue delay or bad faith in the timing of the filing of Plaintiff's motion.

The Court also finds that Enovate will not suffer undue prejudice by the grant of Plaintiff's motion. To demonstrate undue prejudice, the party opposing the motion to amend must show that "it will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence' unless leave to amend is denied." *Trueposition,* 2002 WL 1558531, at *2 (quoting *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989)).

InterMetro asserts that Enovate will not be prejudiced because "643 is closely related to the other patents-in-suit" and therefore Enovate will not need to conduct additional discovery "and, even if it did, discovery remains open. . . . " (Doc. 169, at 6). InterMetro later

8

reiterates its assertion that the new patents are closely related to the other patents, stating that the "allegations that Enovate infringes the '643 Patent concern the same accused products, the same technology, and the same parties." (*Id.* at 7). InterMetro further asserts that it "does not believe additional claim construction will be necessary". (*Id.* at 6).

Enovate argues that "Courts have held that the addition of related patents, or even additional claims from an asserted patent, in a case pending for several years is prejudicial to the defendant when the case is at an advanced stage." (Doc. 220, at 6). First, it is important to note that Enovate has consistently made clear, both in support of its motion to stay the case and in opposition to Plaintiff's motion to amend the complaint, that it believes this case is at an early stage in the proceedings (*see e.g.*, Doc. 220, at 5-6), and therefore it cannot reasonably argue that it believes it will suffer prejudice because of the stage of this case. Second, even if the Court were to accept for purposes of Enovate's argument that the case is at an advanced stage, the cases cited by Enovate all found prejudice due to additional "voluminous discovery" or when the new claim would result in "at least six months delay to take new discovery . . . ." (Doc. 220, at 6-7 (citing *ACC Climate Control v. Bergstrom, Inc.*, 2010 WL 746750, at *2 (N.D. Ind. 2010)[2]; *Lemelson v. Gen. Mills, Inc.*, 1986 WL 7067, at * 2 (N.D. Ill. 1986)). Here, Plaintiff asserts that "643 is closely related to the other patents-in-suit" and therefore Enovate will not need to conduct additional

---

[2] The Court further notes that in *ACC Climate Control*, Plaintiff moved to supplement the Complaint with the addition of twelve additional claims based upon four new patents. *ACC Climate Control*, 2010 WL 746750, at * 2-3. Here, Plaintiff is only moving to add one patent, and has agreed to limit the number of new asserted claims to five. Thus, the present motion presents a significantly different factual situation than that in *ACC Climate Control*.

9

discovery "and, even if it did, discovery remains open. . . " and further that it "does not believe additional claim construction will be necessary". (Doc. 169, at 6). Enovate does not refute any of these statements or contend anywhere in its brief that the addition of Patent 643 will create any lengthy delay, an unreasonable amount of supplemental discovery, or additional claim construction in this action. Therefore, Enovate has failed to show that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence if the Court grants Plaintiff's motion. Enovate's argument with respect to any alleged prejudice to it as a result of the current stage of the case is without merit. Further, even if there was some prejudice, the apparent significant overlap between the six patents previously asserted with Patent 643 reduces any prejudice that Enovate may suffer. *Cf. Micron Tech., Inc. v. Rambus Inc.*, 409 F.Supp.2d 552, 559 (D. Del. 2006) ("[E]ven if there were no overlap, the trial date is not set in this action, and the schedule can be adjusted to allow for necessary discovery.").

Plaintiff's Third Amended Complaint alleges that, in addition to the 35 claims within the six patents-in-suit asserted in the Second Amended Complaint, Enovate additionally violated "at least claims 1-3, 5, and 9-17 of the '643 patent'". (Doc. 171, ¶ 463). In Plaintiff's brief in support of its motion, InterMetro states that it "is willing to further promote judicial efficiency by agreeing to reduce the number of asserted claims against Enovate to Claims 1, 2, 13, 16, and 17 . . . ." (Doc. 169, at 8). Although InterMetro asserts that it is "adhering to the spirit of the scheduling order" that the parties stipulated to, wherein they

agreed that InterMetro would reduce the number of asserted claims against Enovate (as well as against other Defendants in related suits) not to exceed 35 (Doc. 169, at 8 (citing Doc. 54)), InterMetro's current proposal results in a violation of this agreement, namely, Plaintiff is now attempting to assert the infringement of 40 claims. This results in some prejudice to Enovate as Plaintiff is attempting to change the contents of the parties' stipulation without any indication that it has obtained the approval of Defendant. However, due to Enovate's failure to brief this issue in their opposition to Plaintiff's motion, the Court is unable to determine Defendant's position with respect to a possible increase in asserted claims or whether it would be amenable to a new stipulation with InterMetro with respect to the number of asserted claims. Although the Court finds that this proposed alteration of the stipulation does not constitute undue prejudice, it expects the parties to confer on the issue in good faith and agree upon a modification of the previously agreed upon number of asserted claims across all patents-in-suit in order to clearly identify those patent claims that are now specifically at issue.

Additionally, as InterMetro notes, it could file a separate lawsuit alleging infringement of the 643 Patent by Enovate. (*See* Doc. 169, at 2, 7). This would result in duplicative and burdensome litigation for the parties as well as for the Court. As noted by the District Court of Delaware:

> Where the additional patents are closely related to the already asserted patents and the patents involve similar technology, it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding. *See Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F.Supp.

11

> 591, 594 (E.D.Pa.1968). Since the accused products are the same, the technology is the same, and the parties remain the same, the facts and the issues will substantially overlap. Granting the motion to amend will therefore enable the court to address all of these related issues simultaneously. Conversely, if the motion to amend were denied, Trueposition could institute a second action against Allen for infringement of the additional patents. The court, therefore, finds that judicial economy weighs in favor of granting the motion to amend.

*Trueposition,* 2002 WL 1558531 at *2. The same reasoning applies in the instant case and the Court finds it persuasive that judicial economy will be benefitted by granting InterMetro's motion.

Finally, while granting the supplementation may cause this litigation to continue longer than it otherwise would, this does not prejudice Enovate at this time; merely temporal "prejudice" is not sufficient to overcome our directive to "freely grant" amendments. "The passage of time, without more, does not require that a motion to amend a complaint be denied; however at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Here, Plaintiff is being permitted to file its Third Amended Complaint due to the recent issuance of Patent 643. However, Plaintiff gives no indication of whether it has other applications pending for patents that it would also consider "closely related" to the patents-in-suit. It is undeniable that at some point, the continued addition of patents and claims of infringement will significantly impede the progress of this case, impose unwarranted burdens on both the Court and the defendant, and unduly prejudice Enovate. Although the Court is allowing

12

InterMetro to amend its Complaint once more, InterMetro should not attempt to move to further amend its complaint on the basis of the issuance of any new patents. This case must move forward, and while InterMetro may fully adjudicate its claims, Enovate must also be permitted to properly and fully defend against the claims asserted against it, without fear that those allegations will continue to change and grow, even as the litigation progresses.

In light of the foregoing standards, the Court finds that leave to amend is appropriate here. There is nothing facially unreasonable about Plaintiff's attempts to amend its Complaint to add a new patent that Plaintiff asserts is "closely related" to the other patents and claims in this case and which Plaintiff asserts will not significantly impact the scope or amount of discovery; nor does it appear that the grant of this motion will impede this case from moving forward. Enovate has not set forth any persuasive argument to establish that Plaintiff's supplementation would be futile, that it is the result of undue delay or bad faith, or that Enovate would be prejudiced in any way, let alone unduly, by the addition of Patent 643 to the Complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Its Third Amended Complaint (Doc. 166) will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge